## 62816. BROADNAX v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was charged with one count of burglary in an eight-count indictment. After a trial in which appellant and a co-defendant were tried together and in which a co-indictee testified for the state, both defendants were found guilty of the crimes with which they were charged. Appellant now maintains that the trial court erred in the charge to the jury and by overruling appellant's motion for a new trial based on the general grounds. Finding no error, we affirm appellant's conviction.

1. In his first enumeration of error, appellant asserts that the trial court should have instructed the jury on the law of accomplice's testimony and the need for corroboration thereof. "The transcript reveals that appellant neither requested a charge on the law governing the testimony of an accomplice nor excepted to the omission of such charge. Thus, appellant's contention that the trial court erred in failing to so charge is controlled adversely to him by

*Durham v. State,* 41 Ga. App. 421 (2) (153 SE 222). [Cits.] Moreover, the rule that a felony conviction is not to be had on the uncorroborated testimony of an accomplice applies only when the accomplice is the *sole* witness upon whose testimony the state relies. [Cits.]" *McDaniel v. State,* 158 Ga. App. 320 (279 SE2d 762). In the present case, the accomplice testified that he, appellant, and appellant's co-defendant burglarized a certain residence and returned to the accomplice's mobile home with the stolen goods. A police officer testified that he saw appellant, wearing a simulated tan leather jacket, with the accomplice within an hour of the burglary, and that appellant, his co-defendant, and the accomplice were in the latter's mobile home within 90 minutes of the burglary with items later identified by the burglary victim as his. Additionally, a witness who saw three men in the parking lot of the victim's apartment saw the shortest of the trio wearing a tan leather jacket. Finally, appellant testified that he was with the accomplice shortly before and after the time of the burglary. " 'As the State did not rely wholly on the evidence of the alleged accomplice to connect the accused with the offense, it was not incumbent upon the court, without request, to instruct the jury touching corroboration.' [Cits.]" *McDaniel v. State,* supra. See also *Sutton v. State,* 223 Ga. 313 (2) (154 SE2d 578).

2. In his next enumeration of error, appellant maintains that the trial court expressed or intimated its opinion as to the guilt of the appellant in a portion of its instructions to the jury. In the enumerated passage, the trial court informed the jury: "Now, there are one, two, three, four charges against one or both of the Defendants contained in this eight charge indictment. To better enable you to follow the issues that will be submitted to you with respect to Broadnax and Lumpkin I have checked in the left of each of the offenses in which they are involved the offenses which you are concerned with."

Inasmuch as defense counsel stated she had no objection to the charge and did not reserve the right to later object, appellant has waived the right to raise the issue on appeal. *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855).

3. In light of the evidence discussed in Division 1 of this opinion, the trial court did not err in denying appellant's motion for a new trial based on the general grounds.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 22, 1982.

*Janice M. Thurmond,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr.,*

*Assistant District Attorney,* for appellee.