## A92A1546. HARVEY v. THE STATE.
### (424 SE2d 18)

Pope, Judge.

Defendant Hamus Lee Harvey was convicted of armed robbery and appeals.

1. Defendant's accomplice pleaded guilty to the offense. Eight days after the robbery the accomplice gave a statement in which he admitted he and the defendant had planned the robbery for approximately two weeks. According to the accomplice, defendant drove to the rural store and let the accomplice out to commit the robbery and after the robbery picked the accomplice up on the road to drive back to Savannah. At trial, the accomplice admitted he made the statement but renounced it, saying he committed the robbery alone and made the statement implicating defendant in an attempt to obtain better treatment.

Defendant argues the evidence was insufficient to support the guilty verdict because he claims the statement of the alleged accomplice was uncorroborated. We disagree. The evidence showed the defendant made a statement admitting he dropped the accomplice off at the store but claiming he thought the accomplice wanted to buy a soft drink and wait for him while he went on an errand. Defendant admitted he picked the accomplice up on the road, turned around and drove away. The accomplice testified the car defendant was driving was "orangish brown" in color. A customer at the store at the time of the robbery testified she saw a "rust brown" car drive back and forth in front of the store a couple of times just before the robbery. Although they lost sight of the robber as he ran down the road after the robbery, the customer and one of the store owners saw the car turn around in the road and then turn onto another road and drive away after the robber ran in the direction of the car. The store was owned by two brothers. The owner who was robbed testified that although a cash register was sitting on the counter, the robber asked for the cash box. The owner testified that a cash box was kept under the counter with large bills for cashing checks for customers. The owner denied ever seeing the robber in the store before but both store owners recognized defendant as a customer for whom they had cashed checks.

The corroborating evidence required to sustain a conviction based upon the testimony of an accomplice "need not be sufficient to warrant a conviction, slight evidence identifying the accused as a participant in the crime is sufficient to support the verdict. [Cit.] Suffi-

ciency of the corroboration of the accomplice's testimony is for the jury. If some evidence of corroboration exists, this court will uphold the verdict. [Cit.] As the accomplice's testimony was corroborated, this enumeration is without merit." *Hall v. State*, 162 Ga. App. 713, 715-716 (293 SE2d 862) (1982).

2. Defendant also argues the trial court erred in failing to charge the jury upon the necessity of the corroboration of accomplice testimony, even though defendant admits he did not request such a charge. For the reasons set forth in this court's opinion in *Bone v. State*, 178 Ga. App. 802, 808 (6) (345 SE2d 46) (1986), "[t]his enumeration [of error] lacks merit."

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 24, 1992 —
RECONSIDERATION DISMISSED OCTOBER 20, 1992.

*Merritt & Rose, Charles P. Rose, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.