A94A1420. JOHNSON v. THE STATE.
(449 SE2d 863)

BIRDSONG, Presiding Judge.

Johnny Johnson, Sr., was indicted for kidnapping with bodily injury, aggravated child molestation, aggravated sexual battery, aggravated sodomy, child molestation, cruelty to children and burglary. He was convicted on all counts. The trial court merged some of the counts and judgment was entered finding Johnson guilty of kidnapping with bodily injury, aggravated child molestation, child molestation, and burglary. The evidence, construed in favor of the verdict, shows Johnson kidnapped the five-year-old victim from her bedroom in the night after entering through a window. Johnson took the child out through the front door of her home to an abandoned building nearby where he performed criminal acts upon her. He then took her back to her home. Her mother was awakened when the child entered the house in the early morning hours and soon discovered what had occurred. The child did not recall being taken from her house but only remembered waking up outside her house with a man. Johnson was identified by DNA testing of Johnson's semen and semen stains on the child's nightgown, the results of which showed a pattern matched by only one in 20,000,000 persons. He was also identified by

his thumb and palm prints found outside the bedroom window and his thumb print found outside a bathroom window. The window screen was found leaning against a tree and a bench had been placed under the window. The evidence, construed in favor of the verdict, showed the screen had been in the window until it was removed by the burglar, and the bench had always been near a table some distance away from the window until it was placed under the window by the burglar.

On appeal, Johnson contends the verdict on the burglary count is against the weight of the evidence and contrary to the law, and he contends the trial court gave conflicting charges on circumstantial evidence and reconciliation of evidence. *Held*:

1. Appellant contends the burglary conviction is not supported by evidence because there is no evidence he entered the house, and because reasonable hypotheses are inferable from this circumstantial evidence other than that he committed burglary. However, the evidence supports a finding, at the very least, that appellant removed the screen from the bedroom window, and that in doing so he "entered" the house. See similarly *Hayes v. State*, 193 Ga. App. 33, 35 (387 SE2d 139). The jury was authorized to infer from all the circumstantial evidence, including evidence that he kidnapped the child, that appellant entered the house. See *Gude v. State*, 213 Ga. App. 573 (1) (445 SE2d 355).

Appellant contends there are other reasonable inferences than that he removed the screen, moved the bench under the window, and removed the child from the house. However, the jury is the arbiter of whether a hypothesis is reasonable (*Harris v. State*, 236 Ga. 242, 244 (223 SE2d 643); *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474)) and such a determination by the jury will not be overturned unless it is insupportable as a matter of law. *Lewis v. State*, 149 Ga. App. 181 (254 SE2d 142). On appeal, we do not weigh the evidence but construe it in favor of the jury's verdict (*Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737)) and determine only its sufficiency. We have reviewed the evidence and find it sufficient to persuade a rational trier of fact of appellant's guilt of the crimes convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the circumstantial evidence charge conflicts with the charge that if there is evidence in such irreconcilable conflict that each witness cannot be made to speak the truth, "it is your duty and responsibility to decide and determine which, if either, of the conflicting versions of the evidence you will accept." Appellant says this charge requires the jury to accept some evidence and reject other evidence and thus requires it to impute truth to the State's evidence if it is unrefuted, so that no reasonable hypothesis consistent

with innocence can exist. However, the charge does not instruct the jury to accept the State's unrefuted evidence, and it does not prohibit the jury from inferring a reasonable hypothesis of innocence contrary to the State's unrefuted evidence. We find no conflict in the charges. The charges are correct and the charge as a whole and in its entire context is correct and not misleading or confusing. See *Taylor v. State*, 195 Ga. App. 314 (393 SE2d 690).

*Judgment affirmed. Blackburn, J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED NOVEMBER 2, 1994.

*Thompson, Fox, Chandler, Homans & Hicks, Graham McKinnon IV,* for appellant.

*Lydia J. Sartain, District Attorney, Jessica K. Moss, Assistant District Attorney,* for appellee.