A96A2273. IGLE v. THE STATE.
(478 SE2d 622)

MCMURRAY, Presiding Judge.

Defendant was charged in an indictment with two counts of burglary and one count each of aggravated assault and armed robbery. The evidence adduced at his jury trial showed that four youths broke into the home of the bed-ridden victim. The victim told the intruders she kept about $300 in a tin box in her dresser. One of the four found the tin box. Defendant was not the gunman but was identified as the leader, "giving the orders . . ." to tape the victim's mouth. Defendant then ordered the gunman, Randy Jenkins, to fire the pistol. One of the four then placed the pistol "to her head, pulled the trigger, and the pistol did not fire."

The jury found defendant "guilty of count two, burglary with intent to commit robbery, guilty on count four, armed robbery, guilty on count three, aggravated assault." His motion for new trial was denied and this appeal followed. *Held*:

1. The victim of the crimes in the case sub judice died before trial. Her testimony as given at a preliminary hearing, where she identified defendant, was read to the jury. In his first enumeration of error, defendant contends the trial court erred in overruling his motion in limine to exclude from evidence at trial the victim's testimony as read from a transcript of the pre-indictment preliminary hearing. He argues that this procedure denied him his statutory right to a thorough and sifting cross-examination and his Sixth Amendment right to confrontation of the witnesses against him.

"The [preliminary] hearing testimony of [the victim identifying defendant as one of the burglars] was admissible at [defendant's] trial under the provisions of Code § 38-314 [now OCGA § 24-3-10]. See California v. Green, 399 U. S. 149 (90 SC 1930, 26 LE2d 489). Thus no error is shown by the admission of this testimony." *Bennett v. State*, 231 Ga. 458, 460 (1), 461 (202 SE2d 99).

2. Next, defendant contends the trial court erred in admitting into evidence the victim's out-of-court statements as related to the jury by Officer Deborah E. Foote, Detective Ethel Brown King, and the victim's son, Detective Greg Milton. He argues this testimony was hearsay and deprived him of the right to cross-examine.

(a) "Allowing testimony by a police officer as to [photographic] line-up identification of the [defendant by the victim] was not improper." *Jackson v. State*, 225 Ga. 39 (hn. 9) (165 SE2d 711). "This testimony was not subject to the objection that it is hearsay, and such enumeration is without merit. [Cit.]" *Haralson v. State*, 234 Ga. 406, 408 (4) (216 SE2d 304).

(b) Detective King's testimony, whereby she related the victim's identification of the perpetrators by describing them to Detective King, was properly admitted as part of the res gestae. *McKinney v. State*, 218 Ga. App. 633, 634 (1) (463 SE2d 136). Compare *Smith v. State*, 266 Ga. 827, 830 (4) (470 SE2d 674), where the testimony of a "police officer and arson investigator in which they reiterated [a burning victim's] statements was hearsay . . ." which was not admissible under the necessity exception.

(c) Although we find no error in this instance, any error in allowing Detective Milton to repeat to the jury unsworn statements made at the scene by his mother, the victim, is harmless because Detective Milton's testimony is cumulative of the victim's properly admitted testimony under oath as given by her at the preliminary hearing. *Assad v. State*, 195 Ga. App. 692, 693 (2) (394 SE2d 617). Accord *Smith v. State*, 266 Ga. 827, 830 (4), 831, supra.

3. Defendant enumerates the general grounds, arguing that his conviction for burglary fails because the State failed to prove a completed armed robbery. This enumeration is without merit.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a). To complete the crime of burglary, it is not necessary that a defendant actually commit a completed theft; it is sufficient if he enters without authority and with the intent to commit a theft or felony. *Johnson v. State*, 262 Ga. 441 (1), 442 (421 SE2d 70); *Roberts v. State*, 252 Ga. 227, 240 (14), 241 (314 SE2d 83). See also *Bohannon v. State*, 208 Ga. App. 576 (1), 577 (431 SE2d 149).

"The matter of whether defendant intended to commit a felony when he [and his companions] entered the [victim's] house was for determination by the jury under the facts and circumstance proved. *Thompson v. State*, 76 Ga. App. 239 (3) (45 SE2d 675). Generally, [the] specific intent [of a burglar] must be proved by circumstantial evidence. *Flewellen v. State*, 77 Ga. App. 804 (49 SE2d 921). And the fact that the defendant did not accomplish his apparent purpose does not render a finding of burglary improper. *White v. State*, 7 Ga. App. 596 (67 SE 705); *Daniel v. State*, 48 Ga. App. 789 (4) (173 SE 485)." *Coney v. State*, 125 Ga. App. 52 (1), 53 (1) (b), 54 (186 SE2d 478). In the case sub judice, the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of burglary with the intent to commit robbery as alleged in Count 2 of the indictment.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). Defendant further contends there was no evidence of an actual taking. We disagree.

The victim testified at the preliminary hearing that the gunman, Randy Jenkins, "grabbed the [tin] box out of the thing, and then dropped it." He "just throwed it down. . . ." In our opinion, this is sufficient to prove a taking by use of the pistol. " 'The slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation.' *Johnson v. State*, 9 Ga. App. 409 (2) (71 SE 507); *Rivers v. State*, 46 Ga. App. 778 (169 SE 260). It is not required that the property taken be permanently appropriated. *Slaughter v. State*, 113 Ga. 284, 287 (38 SE 854, . . .)." *James v. State*, 232 Ga. 834, 835 (209 SE2d 176). The enumeration of the general grounds is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 8, 1996.

*Emory B. Bazemore, Andrea S. Moyers,* for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney,* for appellee.