## A97A1431. ETHERIDGE v. THE STATE.
### (492 SE2d 755)

SMITH, Judge.

Tracy Etheridge was convicted on one count of burglary, OCGA § 16-7-1 (a). Etheridge's motion for new trial as amended was denied, and this appeal ensued. Finding no merit to Etheridge's arguments on appeal, we affirm.

1. Etheridge first contends the evidence was insufficient to support the verdict. The State presented evidence that around 11:00 p.m. on November 28, 1995, a City of Decatur police officer responded to a call to a Texaco service station and convenience store located at the corner of North Candler Street and Ponce de Leon Avenue in Decatur. He discovered broken glass inside and outside the building where the glass door had been shattered, apparently with an iron water meter cover which was found inside the station. The cash register was missing. Two witnesses described their observations of an individual carrying an object away from the Texaco station late that evening. One witness, who lived in a second-floor apartment next door to the station, testified that around 11:00 p.m. that night, he heard a crash and looked from his apartment toward the station, where he could see an individual moving around inside. He watched the person leave the store carrying a rectangular, apparently heavy object. He described the person as being six feet tall, slender, black and as wearing a dark-colored baseball cap, a shirt with dark vertical stripes, dark pants, and tennis shoes. An employee of the conve-

nience store testified that whoever broke the glass and took the cash register did not have permission to do so.

Another witness who lived around a block from the Texaco station testified that around 11:00 the same evening, he heard a crash, looked outside, and saw an individual carrying and "fumbling with" what appeared to be an adding machine or cash register, with register tape trailing behind. He described the individual as being around six feet tall, slender, black and as wearing a vertically striped shirt, dark pants, and a baseball cap. He heard a nearby alarm sounding and called the police. Pieces of the cash register and several coins were later found in this witness's yard. The cash register was found lying next to a wall nearby. After receiving this description, an officer observed Etheridge walking toward a MARTA station on Church Street in Decatur, in the vicinity of the Texaco station. He stopped Etheridge, who was carrying some change in his hands. The officer remembered seeing pieces of glass in Etheridge's shoes. A microanalyst from the GBI crime lab testified that he found glass embedded in the bottom of Etheridge's tennis shoes, as well as fresh cuts in those shoes. He compared the pieces of glass from the tennis shoes to glass from the broken door of the Texaco station and concluded that two of the glass shards could have come from the door.

Finally, similar transaction testimony was presented that on May 26, 1993, Etheridge used a water meter cover to smash a glass door of a convenience store in Decatur and that he entered the store and stole a 12-pack of beer. Etheridge's identity as the perpetrator of this prior burglary was established by the officer who investigated the burglary and by a certified copy of Etheridge's conviction for the burglary.

The trial court fully charged the jury on the law concerning the State's burden of proof, witness credibility, and circumstantial evidence. Considering the totality of the evidence and the court's charge, the evidence, although circumstantial, was sufficient to authorize a rational trier of fact to find Etheridge guilty of burglary under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Gatling v. State*, 203 Ga. App. 407, 408 (1) (416 SE2d 877) (1992).

2. Etheridge also contends he was denied effective assistance of counsel because his trial counsel failed to apprise him of his right to testify. To establish ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), an appellant must show that counsel's performance was deficient and that this deficiency so prejudiced his defense that a reasonable possibility exists that the trial's result would have been different but for the deficiency. See *Ney v. State*, 227 Ga. App. 496, 499 (4) (489 SE2d 509) (1997). Etheridge has failed to

meet both prongs of this test.

First, he has not shown that trial counsel's performance was deficient. Trial counsel, who had been admitted to practice law in 1991 and had handled several criminal matters, including 20 criminal jury trials while working in the public defender's office and as a private practitioner, testified that she met personally with Etheridge and talked with him on the telephone several times prior to trial. She stated that she and Etheridge discussed the possibility of his testifying, but she advised him against this because of the quantity of evidence against him and because the "seasoned district attorney" trying the case "might trip him up and basically cause Mr. Etheridge to open the door as far as his criminal history."

Counsel testified that Etheridge left the decision as to whether he should testify to her but that, if he had desired to testify, he would have done so because "that would have been his right." This decision was one of trial strategy and is not tantamount to ineffectiveness of counsel. Trial tactics and strategy are within the "exclusive province of the lawyer after consultation with the client." (Citation and punctuation omitted.) *Ney* at 499 (4). We note that Etheridge acknowledged he had testified on his own behalf in a previous criminal matter. In addition, he previously entered guilty pleas to other charges, and he admitted that each time he pled guilty he signed a document stating his understanding that he had the right to testify in that proceeding.

But even assuming trial counsel failed to tell Etheridge of his right to testify and that he did not have knowledge of this right as a result of prior proceedings, Etheridge has not shown a reasonable probability that the result of his trial would have been different had he testified. He testified during the hearing on his motion for new trial that he would have contradicted police officers' testimony concerning where he was stopped on the night of the burglary and the amount of money taken from him. He also claimed that he would have explained that he had bought his tennis shoes several months prior to his arrest and could have picked up glass from other sources. Even had Etheridge testified, the jury, as trier of fact, would have been authorized to disbelieve contradictory testimony. See, e.g., *Harmon v. State*, 181 Ga. App. 133, 134 (351 SE2d 527) (1986). As for Etheridge's argument concerning his tennis shoes, the microanalyst who tested the glass from the shoes could only state at best that the glass in the shoes "could" have come from the window, thus implying that the glass could have come from other sources. Etheridge's testimony in this regard would have been merely cumulative. The trial court consequently did not err in denying Etheridge's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 10, 1997.

*Emerson Carey, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.