A98A1274. FORD v. THE STATE.
(506 SE2d 668)

RUFFIN, Judge.

A jury found Tyrone Ford guilty of burglary. The trial court sentenced Ford as a recidivist to 20 years without the possibility of parole. Ford appeals, challenging the sufficiency of the evidence and asserting that he was denied effective assistance of trial counsel. For reasons which follow, we affirm.

1. " 'On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or deter-

mine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' [Cit.]" *Shabazz v. State*, 229 Ga. App. 465-466 (1) (494 SE2d 257) (1997).

Viewed in this light, the evidence at trial showed that at approximately 9:30 on the morning of the incident, Shannon John was asleep in her apartment when her doorbell rang. John awoke, went to the door, looked through the peephole and saw a man whom she did not recognize. Because John was alone with her infant son, she did not answer the door and stood quietly by hoping the man would leave. However, the man continued ringing the doorbell and banging very loudly on the door. When John heard the door opening, she realized the man was "trying to force himself into [her] home. . . ." Afraid, John ran to her bedroom and grabbed her son. As she was climbing from a window in the back of her apartment, John heard the door break open.

Once outside, John ran toward the apartment of her neighbor, Alexis Hicks. As she was running, John saw the man who was at her front door coming in her driveway toward the back of her apartment. Hicks, who was startled by a loud noise, went to the back of his apartment where he saw the same man running through his back yard. When Hicks returned to the front of his apartment to see what was going on, John told him that "some guy had broken into her house." Hicks ran after the man and asked him if he broke into John's home. The man responded that he had not and that he was just going home.

The police were called, and when they arrived John and Hicks gave a description of the individual. A few minutes later, an officer spotted Ford, who matched the description. The officer brought Ford back to John's apartment where she identified him as the man at her front door and Hicks identified him as the man he saw in his back yard. Both John and one of the arresting officers positively identified Ford as the same man at trial.

On appeal, Ford asserts there was insufficient evidence to establish that he committed a burglary. We disagree. " 'A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . .' OCGA § 16-7-1 (a). To complete the crime of burglary, it is not necessary that a defendant actually commit a completed theft; it is sufficient if he enters without authority and with the intent to commit a theft or felony. [Cits.]" *Igle v. State*,

223 Ga. App. 498, 500 (3) (478 SE2d 622) (1996). " 'The matter of whether [Ford] intended to commit a felony [or theft] when he . . . entered [John's] house was for determination by the jury under the facts and circumstance[s] proved. [Cit.]' " Id. Similarly, the issue of whether the witnesses properly identified Ford as the person who committed the offense was for the jury to decide. See *Brewer v. State*, 219 Ga. App. 16, 17 (1) (463 SE2d 906) (1995). Finally, although Ford contends that there was no evidence that he actually entered John's apartment, the jury was authorized to find that such entry occurred when Ford broke down the front door of the apartment. See *Hayes v. State*, 193 Ga. App. 33 (1) (387 SE2d 139) (1989). Accordingly, viewing the evidence in a light most favorable to the jury's verdict, we are satisfied that any rational trier of fact could have found Ford guilty beyond a reasonable doubt of burglary. See id.

2. Ford, who is represented by new counsel on appeal, also asserts that the trial court erred in denying his motion for new trial because he was denied effective assistance of trial counsel. Specifically, Ford contends that trial counsel was ineffective because he failed to tell him that if convicted, he faced a possible recidivist sentence of 20 years without parole. According to Ford, if trial counsel had informed him of the lengthy sentence, he would have accepted the State's plea offer.

" 'A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. Here, [Ford] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.' " *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997).

At the motion for new trial hearing, trial counsel testified that "on several occasions" he informed Ford that if convicted, he would have to serve a full 20-year sentence without the possibility of parole. Trial counsel also stated that Ford indicated that he understood the recidivist sentencing but "he kept maintaining his innocence and that he would not plead."

Although Ford denied that trial counsel informed him of the sentence, "[d]etermining the credibility of these witnesses was a matter for the trial court's discretion. [Cit.]" *Randolph*, supra at 324. "Under these circumstances, the trial court did not err in finding [trial counsel] provided reasonably effective assistance. [Cits.]" Id. at 325.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

304

William D. Phillips, for appellant.
Charles H. Weston, District Attorney, Robert J. Lasseter, Thomas C. Woody II, Assistant District Attorneys, for appellee.