A99A1226. WILLIAMS v. THE STATE.
(521 SE2d 650)

MILLER, Judge.

Charles Williams was convicted of four counts of aggravated assault and one count of possession of a firearm during the commission of a felony, all arising out of an incident where he threatened the occupants of a residence with a gun and made demands for money. Challenged are the sufficiency of the evidence and the effectiveness of his counsel.

1. Based on the evidence presented, could a rational trier of fact have found beyond a reasonable doubt that Williams committed the crimes? See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We hold in the affirmative.

Five eyewitnesses, each of whom positively identified Williams in court, established that Williams burst into the residence, demanded money, placed a gun to the head of two occupants (pulling the trigger twice on one), pointed the gun threateningly at two other occupants, and then threatened and struck a fifth occupant with the gun. The evidence sufficed to sustain the convictions.

Williams contends that the witnesses contradicted each other as to their locations in the residence during the incident and thus are not worthy of belief as a matter of law. But

[c]onflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Ford v. State*, 234 Ga. App. 301, 302 (1) (506 SE2d 668) (1998).

2. To prove his ineffective assistance of counsel claim, Williams had to show that his counsel's performance fell below an objective standard of reasonableness and thereby prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Johnson v. State*, 266 Ga. 380, 381 (2) (467 SE2d 542) (1996). Following a post-trial evidentiary hearing, the court found that Williams failed to make these showings, which finding is not disturbed unless clearly erroneous. Id. at 383 (2). Evidence supported the court's findings on Williams' three claims of ineffective assistance.

Williams first contends his counsel erred in failing to strike a juror. He claims he informed counsel that he was acquainted with the juror, but counsel testified that he did not remember being informed of this, and the juror denied knowing Williams. Moreover, the juror was selected as an alternate and did not participate in the deliberations.

Next Williams contends his counsel failed to vigorously cross-examine the eyewitnesses on the inconsistencies in their testimony regarding their respective locations in the residence when the incident occurred. Williams did not query his counsel on this issue at the new trial hearing nor otherwise argue the issue below. "Failure of post-judgment counsel at the new trial hearing to raise a particular ground for ineffective assistance against trial counsel waives appellate review." (Footnote omitted.) *Mackey v. State*, 235 Ga. App. 209 (1) (509 SE2d 68) (1998).

Even if the matter had not been waived, the record reflects that cross-examination covered this point. Because the alleged inconsistencies were apparent from the direct examination, further cross-examination on this issue may have been superfluous and potentially harmful in that the witnesses may have been able to explain the inconsistencies. This falls within the realm of trial strategy and tactics, which do not equate with ineffective assistance of counsel. *Etheridge v. State*, 210 Ga. App. 96, 98 (1) (435 SE2d 292) (1993).

Williams concludes with the assertion that his counsel erred in advising him not to testify. The court examined Williams at length about his decision not to testify and determined that he made that decision knowingly and voluntarily. Counsel had earlier advised him not to testify because of Williams' background and because he per-

ceived Williams' version to lack credibility. Such advice is a classic example of trial strategy and tactics that do not fall outside the wide range of reasonable professional conduct. *Jenkins v. State*, 268 Ga. 468, 473 (10) (491 SE2d 54) (1997); *Etheridge v. State*, 228 Ga. App. 788, 790 (2) (492 SE2d 755) (1997); see *Bridges v. State*, 205 Ga. App. 664, 666 (2) (423 SE2d 293) (1992).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 12, 1999.

*Robert A. Butler*, for appellant.
*Charles H. Weston, District Attorney, Wayne G. Tillis, Myra Y. Christian, Assistant District Attorneys*, for appellee.