A99A1363. WOOTEN v. THE STATE.
(524 SE2d 776)

MILLER, Judge.

Samuel Wooten was tried and convicted of robbery by sudden snatching (a felony) and giving a false name to a law enforcement officer as well as driving while his license was suspended (both misdemeanors). Following the denial of his motion for new trial, he brings this appeal asserting several enumerations of error.

1. Wooten claims that the evidence was insufficient to sustain the convictions. The standard of review is whether, in reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find Wooten guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The alleged accomplice, Christopher Chambers, pled guilty to robbery by sudden snatching and testified that he and Wooten agreed "to find a purse to snatch and run" and that Wooten was to drop him off and pick him up at the other end of a parking lot. Chambers further testified that after he snatched a woman's purse, he was chased and caught by several citizens and held until police arrived.

A police officer identified Wooten as the man who approached him at the scene and complained of being struck by one of the citizens detaining Chambers. The officer then saw Wooten leave the

[13] *Hamby v. State*, 243 Ga. 339, 341 (4) (253 SE2d 759) (1979).

scene in a red car. Three citizens on the scene testified that Chambers attempted to get into a red car as he was being chased and that a man on the scene demanded that Chambers be released, but none could identify Wooten.

The same officer testified that Wooten gave him a driver's license bearing someone else's name and the wrong date of birth. After obtaining a printout of Wooten's driving history, police determined his correct date of birth and that his license was suspended.

The evidence sufficed to sustain the convictions. *Jackson*, supra.

2. *Misdemeanor Convictions.* Wooten claims there was insufficient evidence to show that the misdemeanors were charged in the indictment within two years of the alleged crimes. He also claims he was denied effective assistance of counsel.

(a) The alleged misdemeanors occurred on July 25, 1995. The accusation charging Wooten with the misdemeanors was filed within two years on July 10, 1997. An indictment, filed September 8, 1997, included the same misdemeanor charges and a felony charge. In light of the superseding indictment, the State then dismissed the accusation. Wooten argues that the statute of limitation had run on the misdemeanor charges since the indictment was filed more than two years after the commission of the crimes. See OCGA § 17-3-1.

The issue is whether a superseding indictment, filed during the pendency of a timely original accusation and after the statute of limitation has run, is barred. Although this issue is one of first impression in Georgia, we have found considerable guidance from two other jurisdictions. They have held that a superseding indictment brought after the statute of limitation has run is valid as long as (i) the original indictment is still pending; (ii) the original indictment was timely; and (iii) the superseding indictment does not broaden or substantially amend the original charges. *United States v. Italiano*, 894 F2d 1280, 1282 (11th Cir. 1990); *United States v. Phillips*, 843 F2d 438, 442, n. 2 (11th Cir. 1988); *United States v. Elliott*, 849 F2d 554, 561 (10) (11th Cir. 1988); *Benitez v. State*, 904 P2d 1036, 1037 (Nev. 1995).

We find these cases persuasive and hold the rule should apply to accusations as well since Georgia law allows misdemeanor charges to be brought by either accusation or indictment. See OCGA § 17-7-71 (a). The original accusation was timely and still pending when the indictment was filed after the statute of limitation had expired. The indictment only duplicated the original misdemeanor charges and did not amend or broaden them. Although the indictment included a felony charge, such did not amend or broaden the misdemeanor charges. See *United States v. Edwards*, 777 F2d 644, 649 (11th Cir. 1985). The felony indictment was within the applicable statute of limitation period of four years. OCGA § 17-3-1 (c). Accordingly, we

hold that the misdemeanor charges are not barred by the statute of limitation.

(b) Wooten asserts several grounds for ineffective assistance of counsel. He claims that trial counsel (1) failed to attack the indictment on the grounds of the statute of limitation, (2) failed to request a jury charge on the statute of limitation and to object to the court not giving the charge, and (3) failed to move for a directed verdict of acquittal on the misdemeanor charges. But these grounds were not raised at the hearing on the motion for new trial. The failure of post-judgment counsel to raise a particular ground for ineffective assistance at the new trial hearing waives appellate review. *Williams v. State*, 239 Ga. App. 598, 599 (2) (521 SE2d 650) (1999); *Mackey v. State*, 235 Ga. App. 209 (1) (509 SE2d 68) (1998).

3. *Felony Conviction.*

(a) Wooten contends that the trial court testified and bolstered the credibility of Chambers before the jury in violation of OCGA § 17-8-57. The dialogue of the court, counsel, and witness was as follows:

> Defense Counsel: I just want to make sure this is clear, the defense counsel has asked if you lied the day you pleaded. Do you remember the day you pled to the charges here?
> Chambers: Yes, sir.
> Defense Counsel: Did anybody ask you who was with you?
> Chambers: No, sir.
> Defense Counsel: Did anybody ask you if Samuel Lee Wooten was with you?
> Chambers: No, sir.
> Defense Counsel: They just asked you if you committed the crime you were charged with?
> Chambers: Yes, sir.
> Defense Counsel: Okay.
> The Court: [Defense counsel,] that's not part of the plea. He would not have been asked.

Contrary to Wooten's claim, the court was simply admonishing defense counsel for questioning the witness about what he was asked in his plea. This does not rise to the level of an expression or intimation of opinion by the judge as to matters proved or guilt of the accused.

(b) Wooten claims that the trial court erred in failing to charge the jury that a means of impeachment is to show that the witness has been convicted of a felony. The court charged the jury that

> [a] witness may be impeached by disproving the facts to which the witness testifies, proof of general bad character,

proof that the witness has been convicted of a crime of moral turpitude, or proof of contradictory statements previously made by the witnesses.

Trial counsel did not submit any requests to charge, and where no request has been made, the failure to give a charge is not error. *Willingham v. State*, 235 Ga. App. 475, 476 (2) (509 SE2d 744) (1998). Moreover,

> [w]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cits.]

(Citations and punctuation omitted.) *Callaway v. State*, 230 Ga. App. 369, 370 (2) (496 SE2d 349) (1998). Here the court fully charged the jury on impeachment of a witness.

(c) Wooten argues that the court erred in failing to charge the jury that an accomplice's testimony alone without corroboration is insufficient to support a conviction. See OCGA § 24-4-8. "The corroboration must be independent of the accomplice's testimony[,] and it must connect the defendant to the crime or lead to the inference that he is guilty." *House v. State*, 237 Ga. App. 504-505 (1) (515 SE2d 652) (1999). Because trial counsel did not request this charge and because the State did not rely wholly on the accomplice's testimony, the court was not required to give the charge. *Harvey v. State*, 205 Ga. App. 863, 864 (2) (424 SE2d 18) (1992); *Broadnax v. State*, 161 Ga. App. 42, 43 (1) (289 SE2d 7) (1982).

Nor was the jury charge warranted. "Slight evidence of a defendant's identity and participation from an extraneous source is all that is needed to corroborate the accomplice's testimony." (Citations and punctuation omitted.) *Telfair v. State*, 234 Ga. App. 444, 445 (507 SE2d 195) (1998). The police officer's testimony that it was Wooten who gave him the false name and birth date and the other witnesses' testimony that a man (driving the same color car as described by the police officer) attempted to free Chambers are enough to satisfy this requirement. For the same reasons, Wooten's ineffective assistance claim on this ground is also without merit.

(d) Wooten makes several claims of ineffective assistance of counsel relative to his felony conviction. Wooten must show (1) that counsel's performance was deficient and (2) that this deficiency so prejudiced his defense that a reasonable possibility exists that the trial's result would have been different but for the deficiency. *Strickland v. Washington*, 466 U. S. 688 (104 SC 2052, 80 LE2d 674) (1984);

*Etheridge v. State*, 228 Ga. App. 788, 789 (2) (492 SE2d 755) (1997). The trial court's determination that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Upshaw v. State*, 215 Ga. App. 529, 530 (3) (451 SE2d 125) (1994).

(i) Wooten raised as a ground for ineffective assistance that he was not advised by trial counsel of his right to testify. Trial counsel testified at the new trial hearing that he normally advises his clients of their right to testify. He further testified that Wooten was "hot headed" and not very articulate and that because of Wooten's temperament, the prosecutor "would very likely trip him up." He remembered advising Wooten not to testify because he felt Wooten "would blurt out something to open the door to his priors." At a minimum, the advice inherently contained the message that Wooten had a right to testify. Counsel's advice against putting Wooten on the stand was tactical and does not reach the level of deficient performance. Accord *Quinn v. State*, 222 Ga. App. 423, 424 (2) (a) (474 SE2d 297) (1996).

(ii) Wooten also contends he was denied effective assistance because trial counsel (1) opened the door for Chambers to testify that Wooten was involved in another purse snatching, (2) failed to enter a certified copy of Chambers' conviction into evidence to show the light sentence he received, (3) failed to object to the trial court's statement concerning Chambers' plea, and (4) failed to seek an appropriate jury charge on the sole defense of the defendant.

These actions and inactions of trial counsel were either proper or attributable to trial tactics and strategy and, thus, do not support the contention that the conviction should be reversed. For example, trial counsel testified at the new trial hearing that he wanted to show that Chambers was not credible even though this questioning opened the door to Chambers implicating Wooten in another purse snatching. As shown above, the court did not improperly comment on the questioning of Chambers by defense counsel. And failure to request a jury charge on accomplice testimony is not error as there was other corroborating information as explained above. Moreover, Wooten has not satisfied the second prong of the *Strickland* test in that he has not shown how the outcome of the trial would have been different but for the performance of trial counsel. Wooten was "entitled to a fair trial but not a perfect one, for there are no perfect trials." (Citations and punctuation omitted.) *Clark v. State*, 239 Ga. App. 245, 248 (520 SE2d 245) (1999). The trial court did not clearly err in finding Wooten received effective assistance of counsel.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 8, 1999 —

*Paul S. Weiner*, for appellant.

*William T. McBroom, District Attorney, Marion T. Woodward, Assistant District Attorney*, for appellee.