A99A1669. HART v. THE STATE.

(527 SE2d 252)

RUFFIN, Judge.

A Bartow County jury found Angela Suzanne Hart guilty of burglary. In her sole claim of error on appeal, Hart asserts that the circumstantial evidence of her guilt was insufficient to support the jury's verdict. We disagree and affirm.

Following her conviction for burglary, Hart no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the verdict.[1] On appeal, we neither weigh the evidence nor determine witness credibility, but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[3]

The evidence shows as follows. On or about October 25, 1997, Hart helped Lawanna Petrey move into a house Lawanna shared with her mother, Mary Petrey. Among the items moved were several pieces of jewelry. That evening, Lawanna drove Hart back home. Instead of staying at her mother's house, Lawanna spent the night at her grandmother's house. Mary also stayed elsewhere that night. Hart knew that both Lawanna and Mary Petrey would be away for the night and that the house would be unoccupied.

The next day, Mary and Lawanna returned to their house and discovered that the back door, which had been nailed shut, had been broken open. Although the house had not been ransacked and appeared largely untouched, upon inspection, Lawanna found that the jewelry, including a gold rope chain necklace, two herringbone chain necklaces, two watches, and six rings, had been stolen. In addition, a pair of earrings, a videocamera, a cell phone, a hand-held scanner, and a collection of matchbooks had been taken. Because

---

[1] *Ford v. State*, 234 Ga. App. 301 (1) (506 SE2d 668) (1998).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Ford v. State*, supra at 301-302.

[3] (Punctuation omitted.) Id. at 302.

Hart had been present the day before, Lawanna suspected she was involved in the burglary.

The night these items were taken, Hart called her friend, Timothy Patterson, and asked him to pick her up and take her to his house. According to Patterson, when he picked Hart up, she was wearing three gold necklaces, a tennis bracelet, and several rings. Patterson testified that Hart asked his brother if he wanted to buy any of the jewelry and that she asked Patterson to "get rid of" the jewelry for her. He also testified that, two days later, Hart brought a bag over to his house that contained a cell phone and a collection of matchbooks that Lawanna identified as belonging to her.[4]

Hart, testifying on her own behalf, admitted that she had some of the stolen jewelry, but claimed that she received it from Patterson. She admitted that she had sold one of the necklaces and one of the rings. According to Hart, she initially did not recognize the items as belonging to Lawanna, but she suspected that the jewelry had been stolen. According to Hart, she realized that the jewelry belonged to Lawanna only after Lawanna confronted her about the burglary. But Hart still did not tell Lawanna who had the jewelry.

A person is guilty of burglary if she enters the dwelling of another without authority and with the intent to commit a theft therein.[5] Hart argues that the circumstantial evidence of her participation in the burglary was insufficient to sustain her conviction. Under Georgia law, to sustain a conviction based upon circumstantial evidence, the facts must not only be consistent with the hypothesis of guilt, but must exclude every other *reasonable* hypothesis.[6] But it is not necessary that the evidence exclude all *possible* hypotheses.[7] The jury bears the responsibility for determining whether a hypothesis is reasonable.[8] Here, Hart spent the day before the burglary at the Petreys' house. On the night of the burglary, she knew that the Petreys would be away from home. Because the house was largely undisturbed, there is an inference that whoever burglarized the house knew the whereabouts of the valuables. Hart admitted that she had, in her possession, some of the stolen jewelry. Under these circumstances, the jury was authorized to find her guilty of burglary.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[4] Patterson, who also was charged with burglary, was tried and convicted with Hart.

[5] OCGA § 16-7-1 (a).

[6] OCGA § 24-4-6.

[7] *Martin v. State*, 228 Ga. App. 59, 61 (1) (491 SE2d 142) (1997).

[8] *Johnson v. State*, 215 Ga. App. 90, 91 (1) (449 SE2d 863) (1994).

DECIDED DECEMBER 17, 1999.

*Ann C. Stahl*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.