### A07A0362. BRYANT v. THE STATE.
(646 SE2d 717)

ELLINGTON, Judge.

A Dougherty County jury found L. C. Bryant[1] guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1.[2] He appeals from the denial of his motion for new trial, complaining that the evidence was insufficient to support his conviction and that the State impermissibly placed his character into evidence. Finding no error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

Some time between the close of business on Friday, August 22, 2003, and the opening of business at 6:45 the next morning, there was a burglary at a store known as "The Cricket Box" in Albany. Bryant was a regular customer of the store, and a store employee testified that Bryant often wore a hat and carried a canvas bag. Bryant was inside the store in the late afternoon of August 22, and asked another employee what time the business opened and closed. It is undisputed

---

[1] L. C. Bryant is also known as "L. C. Brant."

[2] "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within . . . any building . . . or any room or any part thereof." OCGA § 16-7-1 (a).

that Bryant did not have permission to enter the store while it was closed on August 22 and 23, 2003.

When the employee opened the store on the morning of August 23, she saw that there was light coming in from a hole in the ceiling and that the store was in disarray. A pistol, a rifle, and a shotgun scope had been stolen. It appeared that the burglar gained access to the roof by climbing on a deer stand next to the building in an alley and had fallen through the ceiling to the floor approximately 12 feet below. A canvas bag and hat that looked the same as those which belonged to Bryant were found near the base of the deer stand.

The store was located across the street from the motel where Bryant was staying at the time of the burglary. A witness who knew Bryant saw him around midnight or 1:00 a.m. on August 23 wearing a hat and carrying a bag as he ran toward the alley near the store. About an hour and a half later, the witness saw Bryant walk back across the street toward the hotel. Bryant was not wearing a hat, he appeared to have "something stuck up under his shirt," and he was limping.

A witness who saw Bryant on the afternoon of August 22 testified that Bryant was not limping on that date. The owner of the store also testified that, before the burglary, Bryant always appeared to be in "great shape." When the owner saw Bryant at the motel two days after the burglary, however, Bryant was "hobbling" and appeared to be in pain. The owner called the police, and Bryant was arrested later that morning. The director of the jail's medical unit testified that, on the day of his arrest, Bryant was treated for a sprained left ankle. According to his medical records, Bryant had reported that he had fallen and injured his ankle on August 22.

In addition to this evidence, the State also presented similar transaction evidence which showed that Bryant had pled guilty to the 1999 burglary of a convenience store.

We find that, viewed in the light most favorable to the jury's verdict, this evidence is sufficient for a rational factfinder to find Bryant guilty beyond a reasonable doubt of burglary. See *Etheridge v. State*, 228 Ga. App. 788, 788-789 (1) (492 SE2d 755) (1997) (witnesses' descriptions of burglar, similar transaction evidence, and other circumstantial evidence was sufficient to sustain defendant's conviction for burglary).

2. Bryant also contends the State impermissibly injected his character into evidence when the prosecutor implied during closing arguments that Bryant had been under the influence of drugs or alcohol at the time of the burglary. Pretermitting whether this was an impermissible argument given the evidence presented in this case, the record shows that Bryant's counsel objected to the argument. The court sustained the objection and instructed the jury to disregard the

prosecutor's statement. Bryant's counsel did not object to the curative instruction or move for a mistrial. Accordingly, Bryant has waived this issue on appeal. *Haggins v. State*, 277 Ga. App. 742, 746 (3) (627 SE2d 448) (2006).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 23, 2007.

*Mark T. Phillips*, for appellant.

*Kenneth B. Hodges III, District Attorney, Victoria Darrisaw, Assistant District Attorney*, for appellee.