## 42904, 42905. WHITEHEAD v. THE STATE (two cases).
### (340 SE2d 885)

PER CURIAM.

Willie B. and Robert Lee Whitehead were jointly tried for the murder of Natural Moore in Pulaski County. Willie Whitehead was found guilty of felony murder and possession of a firearm by a convicted felon. Robert Whitehead was convicted of malice murder and possession of a firearm by a convicted felon. Both brothers have appealed and because they were tried together, we have consolidated their appeals.[1]

On July 17, 1985, a large group of men were shooting dice and drinking behind a liquor store in Hawkinsville. Robert was among these men and got into an argument with the victim. Both had had a lot to drink, and they attacked each other; Robert produced a knife and the victim used a broken beer bottle. Thereafter, the victim retreated and Robert went to rinse his bloody face.

A third person informed Robert's brother, Willie, that Robert had been seriously injured in a fight with the victim. Willie went to the scene, carrying a .38 pistol wrapped in a towel. There he found that the victim had returned and that the two men were again threatening each other. Witnesses testified that as the victim began again to walk away, Willie asked his brother which one of them was going to shoot the victim, and unwrapped the towel and laid the gun across his left hand. Robert grabbed his brother's gun; some witnesses said that Willie took it back and loaded it; then Robert shot the victim, who was then 120 feet away. The bullet pierced his spine and left lung, causing his death. No bricks or broken bottles were found near his body. Willie took the gun back and both defendants fled the scene.

At trial, Willie testified that the victim had threatened him and Robert with a brick and a broken bottle, that the gun was loaded before he got to the scene and he did not know if he had given the gun to Robert or if Robert had grabbed it. Robert declined to testify at the trial.

Evidence was admitted of guilty pleas by Robert in 1972 for two counts of assault with a knife and by Willie in 1978 for assault with a pistol.

Willie's possession conviction was set aside as the lesser included offense underlying felony murder and he received a life sentence. Robert was sentenced for malice murder and the possession count:

---

[1] The killing occurred on July 17, 1985, and the Whitehead brothers were indicted on August 21, 1985. The trial was held on September 30, 1985, and their convictions and sentences were entered on October 1, 1985. No motions for new trial were filed. Willie B. Whitehead's appeal was docketed here on November 14, 1985, and argued on January 22, 1986. Robert Lee Whitehead's appeal was docketed on December 19, 1985, and submitted for decision on December 27, 1985.

life and 5 years to be served consecutively.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Willie guilty of felony murder and Robert guilty of malice murder and possession of a weapon by a convicted felon beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

### 42904. Willie B. Whitehead

1. In this defendant's first enumeration of error, he argues he cannot be guilty of felony murder by virtue of having been in possession of a firearm in the commission of a felony because Robert, not he, had the gun when the killing occurred; because the jury implicitly, by finding him guilty of felony murder and Robert of malice murder, found he was not a "party" to the murder; and because his possession was a separate offense and not part of the res gestae of Robert's murder of the victim.

We appreciate the legal niceties argued here by the defendant, but under the facts of this case we cannot agree. A convicted felon in possession of a firearm who furnishes it to another for the purpose of shooting a third person as shown by the facts presented here may be found guilty of felony murder even though the triggerman is found guilty of malice murder. OCGA § 16-2-21.

2. In his second enumeration of error, this defendant contends he was severely prejudiced by the trial court's refusal to sever his trial from that of his brother, Robert, under the standards of *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975), particularly because Robert exercised his right not to testify, a right he would have even if the trials had been severed. Under the circumstances, we find no showing of actual harm, no denial of due process, and no abuse of discretion by the trial court. *Kennedy v. State*, 253 Ga. 132, 134 (317 SE2d 822) (1984); *Jones v. State*, 253 Ga. 640, 642 (322 SE2d 877) (1984).

3. The defendant urges that the trial court erred in its charge on self-defense as it relates to felony murder. We have reviewed the charge and it was adjusted to the facts presented. *Head v. State*, 253 Ga. 429, 433 (322 SE2d 228) (1984) (Hill, C. J., concurring).

4. Lastly, we find no denial of due process in listing the possible jury verdicts on a verdict form in order of the most to the least serious offense.

### 42905. Robert Lee Whitehead

5. In his first enumeration, Robert urges error by the trial court in failing to allow him to introduce one of his pretrial custodial state-

ments. At an earlier motion hearing, the trial court ruled his first two statements made on July 17, 1985, were inadmissible, while his third statement, made on July 19, was admissible. At trial the court, however, sustained the state's objection and refused to allow the defendant to introduce his third confession which asserted that the shooting was in self-defense. The state opposed its admission because Robert did not testify at trial, and could not be cross-examined about his statement.

We find no error. While the trial court may have found the statement voluntary and therefore admissible if offered by the state, that ruling did not insulate the statement from other valid objections by the state — here, hearsay. OCGA §§ 24-3-1; 24-3-52. See *Hill v. State*, 239 Ga. 278, 280 (236 SE2d 626) (1977); *Bell v. State*, 71 Ga. App. 430 (2) (31 SE2d 109) (1944).

6. The trial court did not err in refusing to change venue. OCGA § 17-7-150; *Devier v. State*, 253 Ga. 604, 608 (323 SE2d 150) (1984); *Goodman v. State*, 255 Ga. 226 (336 SE2d 757) (1985).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Richard Johnson*, for appellant (case no. 42904).
*Dennis Mullis*, for appellant (case no. 42905).
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.