### A94A1039. PILCHER v. THE STATE.
(448 SE2d 61)

BEASLEY, Presiding Judge.

Appellant appeals his conviction of robbery by sudden snatching. OCGA § 16-8-40 (a) (3).

The victim testified that as she was leaving her motel room, she observed two men in the parking area walking in the opposite direction. Shortly thereafter, she felt someone come up from behind her and grab her purse. She then saw him in front of her as he was running away. She positively identified appellant as the man who grabbed her purse. She began to scream for someone to catch him. A

maintenance supervisor at the motel heard her scream and saw two fleeing suspects. He chased and apprehended the man with the purse, whom he identified as appellant.

Appellant testified that his companion snatched the victim's purse and tossed it to him, he did not know beforehand that his companion was going to do this, and he instinctively ran when the victim began to scream.

1. Appellant enumerates as error a certain portion of the burden of proof charge, contending that it lessened the degree of proof necessary to convict. The targeted part must be viewed in context. See, e.g., *Sleeth v. State*, 197 Ga. App. 349 (1) (398 SE2d 298) (1990).

Immediately before giving it, the court instructed the jury: "No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt. The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. There is no burden of proof upon the Defendant whatever. And the burden never shifts to the Defendant to prove innocence." The court then charged the portion now claimed as error: "However, the State is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty." The issue was preserved for review by the defendant's reservation of objections at the conclusion of the court's instructions to the jury. *McCoy v. State*, 262 Ga. 699, 700 (2) (425 SE2d 646) (1993).

Appellant cites no authority to support his position but presents instead the argument that this sentence implies that something less than "beyond a reasonable doubt" would be sufficient. Specifically, he contends, describing the burden in this mathematical terminology digresses from the required standard and reduces the burden to one of probability.

The United States Supreme Court recently reviewed two states' attempts to define "reasonable doubt" to juries, in *Victor v. Nebraska* and *Sandoval v. California*, 511 U. S. ＿＿ (114 SC 1239, 127 LE2d 583) (1994). In *Sandoval*, supra, the trial court defined reasonable doubt in part as (1) " 'not a mere possible doubt,' " since " 'everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt' " and (2) that which leaves the jury unable to say that " 'they feel an abiding conviction, to a moral certainty, of the truth of the charge.' "

In *Victor*, supra, the court defined reasonable doubt, in part, as "such a doubt as will not permit you, after full, fair, and impartial consideration of all the evidence, to have an abiding conviction, to a moral certainty, of the guilt of the accused. At the same time, absolute or mathematical certainty is not required." (Punctuation omitted.) A question presented was whether a modern jury would under-

stand the phrase "moral certainty" to allow conviction on proof that does not meet the "beyond a reasonable doubt" standard. In both cases, the Supreme Court answered this question in the negative. It held that, taken as a whole, the instruction correctly conveyed the concept of reasonable doubt to the jury. In neither *Victor*, supra, nor in *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1980), did the Court find anything objectionable in a trial court's defining reasonable doubt by instructing the jury that "mathematical certainty" is not required.

2. Appellant next contends that the court erred in instructing the jury that intent "may be inferred from the proven circumstances or by acts and conduct. Or it may be in your discretion, inferred when it is the natural and necessary consequence of the act. Whether or not you draw such an inference is a matter solely within your discretion."

Appellant argues that the jury could have understood this to mean that the element of intent could be found simply as a matter of the jury's uncontrolled discretion and thus arbitrarily. We reject this argument, just as the Supreme Court rejected a similar argument in *Dill v. State*, 254 Ga. 17 (1) (325 SE2d 765) (1985). Immediately prior to giving the complained-of portion of the charge in this case, the court instructed the jury that intent "is an essential element of any crime and must be proved by the State beyond a reasonable doubt." The charge on intent was sufficiently clear to be understood by jurors of ordinary capacity and understanding, and, therefore, it is not necessary to assume a possible adverse construction. *Feblez v. State*, 181 Ga. App. 567, 568 (2) (353 SE2d 64) (1987).

3. Appellant contends that the court erred in instructing the jury, "If upon a consideration of the evidence in this case, you find that there is a conflict in the testimony of the witnesses or a conflict between a witness or witnesses, it is your duty to settle this conflict, if you can, without believing that any witness made a false statement. If you cannot do this, then it becomes your duty to believe that witness or those witnesses you think best entitled to believe. It is for you alone to determine what testimony you will believe and what testimony you will not believe."

There is no merit in appellant's argument that this charge invaded the province of the jury. In *Gordy v. State*, 236 Ga. 723 (2) (225 SE2d 287) (1976), the Supreme Court found no error in a substantially similar charge. Appellant's argument that this charge violates the due process mandate of the Fourteenth Amendment is likewise without merit. See *O'Donnell v. State*, 258 Ga. 782, 783 (2) (374 SE2d 729) (1989).

4. Finally, appellant contends that the court erred in instructing the jury, "You must believe the credibility or believability of the witnesses."

Immediately after giving the complained-of instruction, the court charged the jury, "It is for you to determine what witness or witnesses you will believe and which witness or witnesses you will not believe, if there are some you do not believe." The court then gave the criteria to be used in passing upon the credibility of witnesses, followed by the charge complained of in appellant's third enumeration. The court's charge to the effect that the jury must "believe" the witnesses was a verbal inaccuracy resulting from a slip of the tongue and did not constitute reversible error. See *Morgan v. State*, 204 Ga. App. 178, 180 (1) (b) (419 SE2d 313) (1992); *Caldwell v. State*, 167 Ga. App. 692, 695 (4) (307 SE2d 511) (1983).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 12, 1994.

*Joe H. Thalgott, Morris S. Robertson, Celia Larsen*, for appellant.

*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney*, for appellee.