## A99A1461. HORNER v. THE STATE.

(522 SE2d 483)

ELDRIDGE, Judge.

A Fulton County jury found Robert Neal Horner guilty of two counts of driving under the influence of alcohol: less safe driver; and excessive blood alcohol concentration. OCGA § 40-6-391 (a) (1), (5). He appeals, raising two jury charge issues. Finding both meritless, we affirm.

1. Horner was tried on two Uniform Traffic Citations ("UTC") issued by the arresting officer on the offense date of May 22, 1996. See OCGA § 40-13-3. Thus, he claims error in the following charge to the jury:

> Now, ladies, if you believe beyond a reasonable doubt that the defendant in City of Atlanta, County of Fulton, State of Georgia, at any time within two years *immediately preceding the date of the swearing out of these charges* did, in fact, drive under the influence to [the] extent he was less safe, under the influence to the extent he was less safe to drive or did drive under the influence of alcohol with a percentage of 0.152 grams of alcohol in his system, I charge you in that event you would find the defendant guilty.

(Emphasis supplied.) Horner contends that the above-referenced charge "would allow the jury to convict the Appellant if they believed that if at any time during the two years prior to May 22, 1996 the

Appellant was driving under the influence." We disagree.

It is well settled in Georgia law that "evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitation for the prosecution of the offense." (Citations and punctuation omitted.) *Carpenter v. State*, 167 Ga. App. 634, 642 (9) (307 SE2d 19) (1983). In that regard, formal charges are not "sworn out" against a defendant on the date that a UTC is issued, but on the date that it is filed with the clerk of court. *State v. Gerbert*, 267 Ga. 169-170 (475 SE2d 621) (1996); *Clark v. State*, 236 Ga. App. 130, 131 (510 SE2d 616) (1999). In this case, the UTCs were filed on June 21, 1996. Accordingly, "[t]he charge given is a correct statement of the law related to the statute of limitation for the offense charged. See OCGA § 17-3-1 (d)." *Brantley v. State*, 199 Ga. App. 623, 626 (9) (405 SE2d 533) (1991).

Further, "[i]t is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required." (Citations and punctuation omitted.) *Brantley v. State*, supra. See also *Keri v. State*, 179 Ga. App. 664, 668 (4) (347 SE2d 236) (1986). Here, the trial court properly charged the jury that the "burden of proof rests upon the State to prove every material allegation of the indictment or, in this case, the uniform traffic citation." All of the State's evidence established that the offenses occurred on May 22, 1996, including the Intoxilyzer printout, which was put before the jury as State's Exhibit 3 and showed the test date as May 22, 1996. Nothing in the evidence indicated that Horner had ever been arrested, charged, or convicted of DUI prior to May 22, 1996. See *Worthey v. State*, 184 Ga. App. 836-837 (363 SE2d 54) (1987). Thus, we find that the charge as given would not have confused the jury and, consequently, was not error.

2. Likewise, we find no error in the trial court's charge to the jury regarding reasonable doubt. The court properly instructed the jury as to the State's burden to prove beyond a reasonable doubt each element of the offenses as charged; the jury's ability to convict if they believed the charges beyond a reasonable doubt; and the jury's duty to acquit if they had a reasonable doubt as to Horner's guilt. "The charge to the jury is to be taken as a whole and not out of context when making determinations as to correctness of same." (Citation and punctuation omitted.) *Mitchell v. State*, 225 Ga. App. 26, 28-29 (482 SE2d 419) (1997). We find nothing confusing or misleading about the trial court's charge on reasonable doubt.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*William C. Head,* for appellant.
*Joseph J. Drolet, Solicitor, Julie A. Kert, Assistant Solicitor,* for appellee.