A00A1377. NANTHABOUTHDY v. THE STATE.
A00A1378. VONGTHONG v. THE STATE.
(538 SE2d 101)

BARNES, Judge.

Monday Nanthabouthdy and Bounmy Vongthong were convicted of multiple crimes including armed robbery, kidnapping with bodily injury, kidnapping, aggravated assault, and theft by taking. Nanthabouthdy contends on appeal that the trial court erred in denying his motion to sever, by giving an incorrect jury charge, and by not directing a verdict in his favor. Vongthong contends on appeal that the trial court erred in denying his motion for an interpreter and in denying his motion for new trial, made because potential jurors saw him in the presence of a shackled prisoner. Finding no errors, we affirm.

The evidence established that Nanthabouthdy, Vongthong, and three other men waited until closing time outside a convenience store, planning to steal guns and money. The store owner explained that he had just finishing closing the store and setting the alarm when the assailants arrived armed with guns and wearing masks. One of the assailants, later identified as Nanthabouthdy, fired a pistol into the air to draw the crowd's attention. Another assailant, later

identified as Vongthong, pointed a shotgun at the owner, screamed at him to unlock the door, and issued orders.

Nanthabouthdy forced the owner's wife and son from their car and herded them into the store along with the owner and five other people who had been in the parking lot. While the victims were going into the store, the store alarm went off. Vongthong fired a single shotgun blast at the crowd, wounding the owner and an employee, and turned away.

Meanwhile the intended getaway driver became frightened when the alarm sounded and drove off. Nanthabouthdy, armed with a Glock automatic pistol, fired his weapon at the building numerous times, then fled on foot. Vongthong and two others drove away in the owner's car.

The would-be getaway driver and one other participant pleaded guilty to conspiracy to commit armed robbery, and the third participant pleaded guilty to armed robbery and theft by taking of a motor vehicle. They testified in detail against Nanthabouthdy and Vongthong, explaining the anticipated purpose of the robbery, describing the robbery's botched execution, and narrating when and by whom shots were fired.

The victims as well as the three co-defendants identified Nanthabouthdy as the gunman firing the 9 mm pistol and wearing a bandanna mask. According to the witnesses, it was Nanthabouthdy who fired the first and last shots during the armed robbery. After the shotgun blast, while beginning to flee, Nanthabouthdy fired several 9 mm bullets into the occupied store where the victims crouched and hid in terror.

## Case No. A00A1377

1. Nanthabouthdy contends the trial court erred in denying his motion and renewed motion to sever. He claims that he was entitled to a separate trial because no evidence linked him to the two aggravated assault counts, the armed robbery, the kidnapping with bodily injury, and the theft by taking of the Jeep but he was convicted as a result of the substantial evidence adduced against his co-defendant. We disagree that the evidence showing Nanthabouthdy's participation in these crimes was minimal.

In a noncapital case, whether to sever defendants' trials lies within the trial court's discretion, which will not be disturbed unless it is abused. OCGA § 17-8-4; *Slaughter v. State*, 240 Ga. App. 758, 759 (1) (525 SE2d 130) (1999).

In exercising its discretion, the court must consider three factors: (1) [w]hether a joint trial will create confusion of evi-

dence and law; (2) whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and (3) whether the co-defendants will press antagonistic defenses.

*Dennard v. State*, 263 Ga. 453, 455 (5) (435 SE2d 26) (1993).

The record shows that Nanthabouthdy and Vongthong were indicted for the same crimes and that they acted in concert in committing them. The witnesses consistently identified Nanthabouthdy as the participant who wielded a Glock automatic pistol, who fired the first shot that drew the victims' attention, and who fired the final shot as the perpetrators left the scene. While Nanthabouthdy argued in his motion that Vongthong was going to assert an antagonistic alibi defense, no such defense was presented; in fact, neither defendant presented any evidence.

2. Nanthabouthdy contends that the trial court erroneously charged the jury on knowledge. The trial court charged:

On the other hand, should you find beyond a reasonable doubt that either defendant had knowledge of the crime that was being committed, or that either defendant knowingly and intentionally participated or helped in the commission of a crime, then you would be authorized to convict the defendant.

The State concedes that the charge does not accurately state the law. It should have been phrased in the conjunctive rather than disjunctive, so that the jury had to find both knowledge and participation in order to convict, and thus did not accurately state the law. See Suggested Pattern Jury Instructions, Vol. II: Crim. Cases (2nd ed. 1991), p. 21.

However, we must consider the charge to the jury as a whole in determining whether one incorrect charge constitutes reversible error. *Gardner v. State*, 263 Ga. 197, 199 (7) (a) (429 SE2d 657) (1993). The record indicates that the jury was correctly charged that if it found that the defendant had no knowledge and did not participate, it had a duty to acquit. The trial court also properly charged the jury on intent, mere presence, mere association, and party to a crime, as well as the elements of each offense alleged in the indictments. Having reviewed the charge as a whole, we conclude that the trial court's charge did not mislead or confuse the jury so as to constitute reversible error. *Horner v. State*, 240 Ga. App. 1, 2 (1) (522 SE2d 483) (1999).

3. Nanthabouthdy contends that the trial court erred in refusing

to direct a verdict of acquittal on several charges. He claims that no evidence proved he committed kidnapping with bodily injury, theft by taking, or robbery; Vongthong, not he, had the shotgun, shot the victims, and took the car. Nanthabouthdy points out that he fled on foot even before the car was stolen.

However, direct participation in a particular crime is not required for a conviction when a person is a party to a crime. OCGA § 16-2-21. By intentionally aiding, abetting, advising, or encouraging another to commit a crime, one is a party to that crime. *Raines v. State*, 186 Ga. App. 239, 240-241 (2) (366 SE2d 841) (1988). Further, after persons have associated themselves together to do an unlawful act, any act done in furtherance of that association by any one of them is considered the act of each of them. *Ford v. State*, 163 Ga. App. 745, 746 (296 SE2d 85) (1982).

Nanthabouthdy was no innocent bystander to this incident. Armed with an automatic pistol and wearing a mask, Nanthabouthdy accompanied the others to the target of their intended robbery. During the robbery, Nanthabouthdy fired his pistol numerous times. Although the evidence established that another defendant shot the two victims and that three other defendants stole the car, Nanthabouthdy was a party to all the crimes that occurred during the implementation of the armed robbery. *Ford v. State*, supra, 163 Ga. App. at 746. The trial court did not err in denying Nanthabouthdy's motion for a directed verdict of acquittal on any of the charges.

## Case No. A00A1378

4. Vongthong contends the trial court erred by denying him an interpreter. Several months before trial, Vongthong filed a motion seeking an interpreter, but the record indicates that this issue was not raised at the pretrial motion hearing or at any time during trial. Vongthong's failure to obtain a ruling by the trial court waived the issue on appeal. *Tanthongsack v. State*, 265 Ga. 88 (1) (453 SE2d 468) (1995). Additionally, when asked at the motion for new trial hearing whether he thought Vongthong's case was prejudiced by his not having an interpreter, Vongthong's trial counsel testified only that it "probably would have helped to have an interpreter, just in general." He further testified that he thought Vongthong understood the trial proceedings. We find no error. See *Choi v. State*, 269 Ga. 376, 377 (3) (497 SE2d 563) (1998) (no error where defendant failed to point to specific errors in interpretation).

5. Vongthong contends the trial court erred in denying his motion for new trial because some jurors saw him in the presence of a shackled prisoner and an armed deputy.

Before the selection of the jury, counsel noted for the record that several potential jurors saw Vongthong being brought into the courtroom along with a shackled prisoner, escorted by an armed county deputy. After counsel argued that Vongthong's right to a fair trial may have been prejudiced, the court then offered to let counsel explore the issue in voir dire. The prosecutor then noted for the record that neither defendant wore prison garb or shackles, and the court observed that the defendants were "nicely dressed in oxford shirts, and one of them has on a tie, and they are not restrained in any fashion."

Subsequently, defense counsel elected not to explore the possibility of bias during voir dire. In the absence of evidence showing a taint, Vongthong cannot satisfy his burden of establishing prejudice that would require a new trial. *Casey v. State*, 237 Ga. App. 461, 462 (1) (515 SE2d 429) (1999). The trial court did not err in denying Vongthong's motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 2000.

*Jerry B. Harkness, Sr., Earle W. Angell*, for appellants.
*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.