## S01A0257. UCAK v. THE STATE.
(544 SE2d 133)

CARLEY, Justice.

A jury found Yucel Ucak guilty but mentally ill of three offenses: felony murder while in the commission of an aggravated assault; aggravated assault; and, aggravated assault on a police officer. The trial court sentenced him to life imprisonment for murder, and to consecutive 20-year terms for the aggravated assaults. After the denial of a motion for a new trial, Ucak appeals from the judgments

of conviction and sentences imposed on the jury's guilty verdicts.[1]

1. Appellant is a Turkish national who befriended Wayne and Linda Gross while they lived in Turkey. After Mr. and Mrs. Gross returned to the United States, they remained in contact with him. He eventually came to this country and became a guest in their Cobb County home. In August of 1995, the defendant left to visit other friends in Florida, but he returned in December. At that time, Mrs. Gross noticed that Ucak was acting strangely, and her husband asked him to leave. On the morning of December 16, 1995, appellant shot and stabbed Mr. Gross. He then fired the gun at Mrs. Gross, but she managed to phone 911 and to escape by jumping from a second-story window. Ucak shot one of the policemen who responded to the call. Mr. Gross suffered numerous stab wounds, and died from a gunshot to his chest. The defendant asserted justification and insanity defenses, but the court-appointed psychologist testified that, in his opinion, Ucak was not legally insane. The evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that appellant was guilty but mentally ill of the three offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fuss v. State*, 271 Ga. 319 (1) (519 SE2d 446) (1999).

2. Appellant urges that his trial counsel was ineffective. The asserted deficiency is the failure to call Dr. Alfred Messer, who is the psychiatrist retained by the defense, or to request a continuance when it became apparent that he would not be available to testify. According to Ucak, this expert would have given testimony in support of the insanity defense. It does not appear, however, that Dr. Messer ever submitted a report to defense counsel expressing an unequivocal opinion that the defendant met the standard of legal insanity. Instead, he acknowledged that jurors might have some difficulty accepting as a viable defense his diagnosis that Ucak experienced a "dissociative reaction." Nevertheless, trial counsel intended to call the psychiatrist, but, due to miscommunication, Dr. Messer was out of the country on the date scheduled for trial. By the time the attorney discovered that the expert was unavailable, numerous other witnesses had already made arrangements to travel significant distances in order to testify for the defense. Rather than request a continuance, Ucak's lawyer determined to proceed and to attempt to develop the issue of his client's mental condition through the testi-

---

[1] The crimes occurred on December 16, 1995. The grand jury indicted Ucak on March 8, 1996. On November 5, 1997, the jury returned the guilty verdicts and, on the same day, the trial court entered the judgments of conviction and imposed the sentences. Appellant filed a motion for new trial on November 19, 1997. The trial court denied that motion on March 7, 2000. On March 27, 2000, Ucak filed the notice of appeal. The case was docketed in this Court on October 31, 2000. The appeal was submitted for decision on briefs.

mony of the court-appointed psychologist and the lay witnesses.

To establish an ineffective assistance of counsel claim, the accused must show that his attorney's performance was deficient and that the deficiency prejudiced his defense. *Fogarty v. State,* 270 Ga. 609, 610 (513 SE2d 493) (1999). Dr. Messer and the trial attorney appeared at the hearing on the motion for new trial. After considering their testimony, the trial court concluded that Ucak's constitutional right to counsel had not been violated. Unless clearly erroneous, this finding that appellant failed to rebut the presumption of his attorney's effectiveness must be upheld on appeal. *Dewberry v. State,* 271 Ga. 624, 625 (2) (523 SE2d 26) (1999). When considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State,* 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State,* 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). The trial court was authorized to find that, considering the somewhat equivocal pre-trial opinion expressed by Dr. Messer, the decision of defense counsel to proceed to trial with the psychologist and the lay witnesses was a legitimate tactical choice. See *Rodriguez v. State,* 271 Ga. 40, 45 (5) (b) (518 SE2d 131) (1999). Moreover, the trial court also found no reasonable likelihood that the psychiatrist's opinion would have changed the verdicts, because it was based entirely upon Ucak's statement which differed greatly from the facts recounted by the eyewitnesses to the events. This conclusion also must be affirmed. See *Duncan v. State,* 271 Ga. 704 (3) (524 SE2d 209) (1999). Appellant failed to prove either element of his claim of ineffective assistance, and the trial court properly denied this ground of the motion for new trial.

3. The trial court admitted several pre-autopsy photographs of the body of Mr. Gross, over the objection that they were prejudicial and duplicative. Such pictures, which illustrate the nature and extent of a murder victim's wounds and the location of the body at the scene, are admissible even if they are to some extent redundant. *Floyd v. State,* 272 Ga. 65, 68 (4) (525 SE2d 683) (2000). Introduction of multiple photographs certainly was necessary here, considering the number of wounds Mr. Gross suffered. Also, the position of the body was of particular importance, since Ucak contended that he acted in self-defense. The trial court properly admitted the evidence over the objection of the defense. *Jackson v. State,* 270 Ga. 494, 498 (8) (512 SE2d 241) (1999).

4. In connection with the charge on self-defense, the trial court informed the jury that an accused is not justified in committing an assault to avenge past wrongs. The instruction is a correct statement of the law. *Brown v. State,* 270 Ga. 601, 602 (2) (512 SE2d 260) (1999);

*Johnson v. State*, 270 Ga. 234, 238 (3) (507 SE2d 737) (1998). Ucak urges that it is not adjusted to the evidence. However, there was testimony that, prior to the murder and assaults, Mr. Gross confronted appellant and asked him to leave the house. To the extent that the defendant's subsequent acts may have been motivated by resentment over this perceived slight, justification was not a viable defense, as the trial court correctly instructed the jury. See *Teems v. State*, 256 Ga. 675, 676 (4) (352 SE2d 779) (1987).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*Derek H. Jones*, for appellant.

*Patrick H. Head, District Attorney, Thomas A. Cole, H. Maddox Kilgore, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.