## A01A1426. McRAE v. THE STATE.

(555 SE2d 767)

RUFFIN, Judge.

A jury found Thessalonias McRae guilty of armed robbery. McRae appeals from the trial court's denial of his motion for new trial, asserting that the evidence was insufficient to support his conviction, that his statement to police and the statements and testimony of two witnesses were inadmissible, that trial counsel was ineffective, and that he was denied a commitment and bond hearing. Finding no error in the trial court's rulings, we affirm.

1. McRae raises several arguments challenging the sufficiency of the evidence. In reviewing McRae's assertions, we view the evidence

in the light most favorable to the verdict, and [McRae] no longer enjoys the presumption of innocence; moreover, [we do] not weigh the evidence or determine witness credibility but only determine[ ] whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[2]

Viewed in favor of the jury's verdict, the evidence shows that the armed robbery victim, Shawnda Stewart, an admitted cocaine dealer, had known McRae and his accomplice, Tyronza Faison, her entire life. Faison, a State's witness, testified that in the early evening hours preceding the robbery, he was with McRae and a few other people, and they "smoked dope and rode around." As the evening progressed, McRae and Faison encountered Stewart twice and purchased crack cocaine. After McRae and Faison smoked the cocaine, they went to Stewart's house to obtain more. Stewart testified that around 11:00 p.m., she was getting ready for bed, and her roommate, Diana Paramore, was asleep when McRae knocked on the door. As Stewart opened the door, McRae, with Faison present, held a gun to her head and said, "I know you got some, give it up." Stewart gave McRae $400 worth of cocaine, and he and Faison ran out the door.

Stewart, accompanied by Paramore, who awoke during the robbery, went to the sheriff's department that night and reported that McRae and Faison had robbed her of $400 in cash. According to Stewart, she "told them it was money instead of crack because [she] was scared[,]" but returned the next day and confessed that McRae and

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Citation and punctuation omitted.) *Leigh v. State*, 223 Ga. App. 726, 728 (2) (478 SE2d 905) (1996).

Faison had actually stolen cocaine.

McRae and Faison were arrested the day after the robbery. When McRae was arrested, he was armed with a .22 automatic handgun. After being informed of his *Miranda*[3] rights, McRae gave a statement in which he admitted that he "snatched the crack out of [Stewart's] hand and walked out the door[,]" but denied that he had a gun. Faison also gave a statement in which he said that when Stewart opened the door, McRae "threw a gun in her face" and told her "to give him the dope and the money." Both McRae and Faison testified at trial consistent with their prior custodial statements, and recordings of their statements were played for the jury. Stewart and Faison also testified that the handgun found on McRae when he was arrested looked like the one McRae used during the robbery.

(a) McRae asserts that the evidence was insufficient because it showed that Stewart "voluntarily let him have the cocaine." We disagree. McRae apparently ignores the unequivocal testimony of both Stewart and Faison establishing that he, McRae, held a gun to Stewart's head and demanded the cocaine. Accordingly, this assertion has no merit.

(b) McRae asserts that the evidence was insufficient because cocaine cannot be legally owned by anybody and therefore cannot be the object of an armed robbery. Again, we disagree. "Robbery is a crime against possession, and is not affected by concepts of ownership. Moreover, the gravamen of the offense of armed robbery is the taking of items from the possession of another by use of an offensive weapon, and not the ownership status of the item taken."[4] Thus, this argument, too, has no merit.

(c) McRae asserts that the evidence was insufficient because his conviction was based solely on the uncorroborated testimony of a coconspirator. According to McRae, Faison's testimony was corroborated only by "Stewart's impeached testimony [which] must be disregarded entirely." Though McRae's argument is unclear, he appears to believe that the jury was required to disregard all of Stewart's testimony because she recanted her original report to investigators that she was robbed of cash, rather than cocaine.

It is true that McRae's conviction for a felony cannot be based solely on the uncorroborated testimony of his accomplice,[5] but his conviction was not based solely on Faison's uncorroborated testimony. Indeed, although McRae denied he pulled a gun on Stewart, his own testimony corroborated virtually every other aspect of Faison's

---

[3] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] (Punctuation and footnotes omitted.) *Holcomb v. State*, 268 Ga. 100, 105 (5) (485 SE2d 192) (1997) (ruling that narcotics can be the object of an armed robbery).

[5] See OCGA § 24-4-8.

account of the events surrounding the robbery. And, although Stewart recanted her original report concerning the robbery, it was for the jury, and not this Court, to resolve any conflicts in the evidence and assess Stewart's credibility.[6] The jurors were not, as argued by McRae, required to disbelieve her entire testimony.

(d) For the reasons stated, we conclude that the evidence presented at trial is sufficient to affirm McRae's conviction for armed robbery under the *Jackson v. Virginia* standard.[7]

2. McRae next asserts that the trial court erred in admitting his custodial statement in evidence because it was not voluntary. McRae argues that his statement was induced by "intimidation and coercion," and, thus, inadmissible under OCGA § 24-3-50. We disagree.

The transcript shows that, prior to admitting the statement, the trial court conducted a hearing pursuant to *Jackson v. Denno*.[8] At the hearing, the State presented the testimony of the investigator who interviewed McRae and played the tape recording of the interview. The investigator testified that he reviewed McRae's *Miranda* rights with him and that McRae indicated that he understood his rights. The investigator further testified that he never threatened, coerced, or otherwise forced McRae to make a statement, nor did he offer McRae any hope of benefit for the statement. The tape recording of the interview corroborated the investigator's testimony. Based on this evidence, the trial court concluded that McRae's statement was voluntary.

On appeal, we look at the totality of the circumstances and review the trial court's determination that McRae's statement was voluntary under the clearly erroneous standard.[9] Considering the evidence presented, and noting that McRae has not pointed to any evidence supporting his assertion that his statement was induced by hope of benefit or fear of injury, the trial court's finding of voluntariness was not clearly erroneous, and the court, therefore, did not err in admitting the statement in evidence.[10]

3. In two enumerations of error, McRae contends that the trial court erred in admitting the testimony of Stewart and Faison because it was the product of coercion by the investigators. McRae has not shown, however, that he raised this objection at trial, and it is therefore waived.[11] "[A] party cannot during the trial ignore what he

---

[6] See *Leigh*, supra; *Frady v. State*, 245 Ga. App. 832 (1) (a) (538 SE2d 893) (2000).

[7] See *Leigh*, supra.

[8] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[9] See *Cochran v. State*, 248 Ga. App. 705, 708 (2) (548 SE2d 417) (2001).

[10] See id.

[11] See Court of Appeals Rule 27 (a) (1) (requiring party to establish how enumerated errors are preserved for consideration); *Anthony v. State*, 236 Ga. App. 257, 258 (1) (511 SE2d 612) (1999) (ruling that failure to object to testimony at trial results in waiver on appeal).

thinks to be an injustice, take his chance on a favorable verdict, and complain later."[12] We therefore reject this assertion.

4. McRae, who is represented by new counsel on appeal, asserts that he was denied effective assistance of trial counsel because his attorney failed to spend sufficient time investigating the case, failed to call two witnesses, and did not "require the State to prove that the weapon before the jury in the case was the weapon used in the alleged crime." We find no error.

For McRae to prevail on his ineffective assistance claim, he must rebut the presumption that counsel was effective and "show that his attorney's performance was deficient and that the deficiency prejudiced his defense."[13] We review the trial court's finding that McRae received effective assistance under the clearly erroneous standard.[14]

(a) The record does not support McRae's contention that counsel failed to sufficiently investigate the case. At the motion for new trial hearing, trial counsel testified that he met with McRae on approximately six occasions to discuss "in detail" everything about the case, that he filed discovery motions, reviewed the State's file, listened to the taped interviews, and interviewed the witnesses and all the deputies involved in the case. In light of this testimony, the trial court's determination that counsel sufficiently investigated the case was not clearly erroneous.[15]

(b) Neither has McRae shown that counsel was deficient because he failed to call certain witnesses. According to McRae, his attorney failed to call his uncle, who McRae contends "had knowledge of the gun that was alleged to have been used in the theft." The other witness was Stewart's roommate, Paramore, whose testimony, he asserts, "could have been favorable." As a general rule, "[t]he decision as to which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel."[16] Considering this rule and the fact that McRae has not demonstrated what favorable testimony might have been given, we conclude that the trial court properly rejected the claims.[17]

(c) McRae's remaining assertion, concerning the identity of the handgun produced at trial, is unsupported by argument and citation of authority and is, therefore, deemed abandoned.[18]

---

[12] (Punctuation omitted.) Id.

[13] *Ucak v. State*, 273 Ga. 536, 538 (2) (544 SE2d 133) (2001).

[14] See id.

[15] *Aleman v. State*, 227 Ga. App. 607, 611 (2) (b) (489 SE2d 867) (1997).

[16] (Punctuation omitted.) *Callaway v. State*, 247 Ga. App. 310, 321 (6) (b) (542 SE2d 596) (2000).

[17] See id.; *Aleman*, supra (appellant failed to show deficient performance with bare assertion in brief).

[18] See Court of Appeals Rule 27 (c) (2).

5. Finally, McRae asserts that we should reverse his conviction because he was not afforded a preliminary or bond hearing. It does not appear, however, that McRae ever raised these issues below. Moreover, we are unaware of any evidence supporting such assertions. Without such evidence, we will rely on the presumption in favor of the regularity and legality of all proceedings in the trial court.[19] We will not presume error from a silent record.[20] Furthermore, even if McRae was denied a preliminary hearing, the issue was rendered moot by the grand jury's indictment.[21] And, as for his bond hearing, McRae has not cited any authority for the proposition that failure to conduct a bond hearing warrants reversal of a conviction. Accordingly, we find no merit in these assertions.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 19, 2001.

*Walter E. Baker*, for appellant.

*Timothy G. Vaughn*, District Attorney, *Russell P. Spivey, Karen L. Jenkins*, Assistant District Attorneys, for appellee.

---

[19] See *Merrill v. State*, 201 Ga. App. 671, 672 (1) (411 SE2d 750) (1991).

[20] See id.; *Copeland v. State*, 248 Ga. App. 346, 349 (2) (b) (i) (546 SE2d 351) (2001).

[21] See *Spears v. Johnson*, 256 Ga. 518 (350 SE2d 468) (1986); *McClarity v. State*, 234 Ga. App. 348, 351 (3) (a) (506 SE2d 392) (1998).