## S03A0163. PARKER v. THE STATE.

(581 SE2d 7)

PER CURIAM.

A jury found Rico Parker guilty of felony murder during commission of aggravated assault. He was also found guilty of a separate charge of possessing a firearm during the commission of a crime. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. The evidence most strongly supporting the verdicts is as follows: Parker and Emmanuel Alford fought at a Thanksgiving party. Afterwards, Parker told friends that "it wasn't over," and he threatened to kill Alford. During an encounter a few days later, the two exchanged words. At the time, Alford carried only a paint roller. Parker shot and killed Alford, and then fled to his mother's residence where he was located five days after the homicide. At the time of his arrest, he claimed that he shot in self-defense. This evidence is sufficient to authorize a rational finder of fact to find Parker guilty of felony murder and the weapons offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State filed a motion in limine to exclude Parker's post-arrest statement unless he testified in his own defense. The trial court granted the motion, and he enumerates that evidentiary ruling as error.

Self-serving declarations, such as Parker's statement, are inadmissible hearsay unless the declarant testifies and is subject to cross-examination. *Whitehead v. State*, 255 Ga. 526, 528 (5) (340 SE2d 885) (1986). "The defendant is allowed to declare his innocence in court; he is not allowed to avoid this opportunity by pre-trial declarations of innocence." *Dickey v. State*, 240 Ga. 634, 641 (6) (242 SE2d 55) (1978). Therefore, the trial court correctly granted the motion in limine, which conditioned the admissibility of Parker's pre-trial statement on his election to testify in his own behalf.

That ruling did not compel Parker to waive his constitutional right to remain silent, because he could decline to take the stand. "That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida*, 399 U. S. 78, 84 (I) (90 SC 1893,

---

[1] The crimes occurred on November 29, 1999. The grand jury indicted Parker on March 9, 2000. The jury found him guilty on February 1, 2001. On that same day, the trial court entered judgments of conviction and imposed a life sentence for felony murder and a consecutive five year sentence for the firearm possession offense. Parker filed a motion for new trial on February 6, 2001, which the trial court denied on July 17, 2002. He filed a notice of appeal on August 6, 2002. The case was docketed in this Court on October 9, 2002. The appeal was submitted for decision on December 2, 2002.

26 LE2d 446) (1970).

Because Parker did choose to testify in support of his claim of self-defense, the motion in limine did not bar a proffer of his statement. However, he did not attempt to introduce it for any reason on direct examination. On cross-examination, the State did not intimate that he recently fabricated his defense. Had the prosecutor's questioning suggested that Parker had never informed the authorities that he claimed self-defense, the statement would certainly have been admissible in rebuttal. However, the record shows that counsel for the State asked Parker why, rather than coming forward immediately and volunteering that the shooting was justified, he chose to flee and evade arrest for several days. Questioning him about the timing of his pre-trial assertion that he acted in self-defense was proper. "Having here elected to testify, the defendant became obligated on cross examination to answer all proper and relevant questions. [Cit.]" *Dickey v. State*, supra at 641 (5).

3. A witness for the State testified that he overheard the victim identify Parker as the shooter. This dying declaration was not included in the copy of the witness' statement which was provided to defense counsel in response to her pre-trial discovery motion. Upon learning of this omission, the prosecuting attorney asked, in the presence of the jury, whether Parker's lawyer wanted "to look at my notes where it indicates that [the witness] did say [that he heard Alford state] 'Rico shot me.'" The trial court immediately admonished the State's attorney "not to testify," and it then ordered removal of the jury. After a lengthy colloquy between the trial court and the lawyers, the jury returned and examination of the witness continued. Parker urges that the trial court's failure to give the jurors curative instructions was error.

A trial court has broad discretion when responding to an alleged violation of OCGA § 17-8-75. *Hicks v. State*, 196 Ga. 671, 673-674 (2) (27 SE2d 307) (1943). If an objection is sustained, the trial court "has no duty to rebuke counsel or give curative instructions unless specifically requested by the defendant. [Cits.]" *Woodham v. State*, 263 Ga. 580 (1) (a) (439 SE2d 471) (1993). Here, the trial court admonished counsel for the State in the presence of the jury, and ordered her to desist from commenting on the contents of her notes. Thereafter, Parker did not request any further relief. A trial court's ruling will not be reversed for failing to go further than the objecting party requests. *Woodham v. State*, supra at 580 (1) (a). Thus, the failure of the trial court to give curative instructions on its own motion is not reversible error in this case.

4. The trial court charged that "provocation by words alone will in no case justify such excitement of passion sufficient to free the accused from the crime of murder." Parker urges that instructing the

jury that the defendant is not "free" presupposes his guilt and shifted to him the burden of proving his innocence.

The entirety of the trial court's charge must be considered in determining whether a particular instruction is erroneous. *Wilson v. State*, 275 Ga. 53, 60 (4) (562 SE2d 164) (2002). "Further, 'it is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required.' [Cits.]" *Horner v. State*, 240 Ga. App. 1, 2 (1) (522 SE2d 483) (1999). Here, the trial court expressly instructed the jury that the burden of proving guilt was on the State and that no burden ever shifted to the defense to prove Parker's innocence. See *Pilcher v. State*, 214 Ga. App. 395, 396 (1) (448 SE2d 61) (1994). The contested charge referred to an abstract "accused," a neutral term which did not intimate Parker's guilt or imply that he had an obligation to prove his innocence. See *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986). Read in context, the instruction appears to be a completely objective statement of the law applicable to the lesser included crime of voluntary manslaughter. *Brooks v. State*, 249 Ga. 583, 585-586 (292 SE2d 694) (1982).

Moreover, the record shows that Parker himself requested this charge. Thus, he is precluded from attacking it on appeal. *Whatley v. State*, 270 Ga. 296, 300 (10) (d) (509 SE2d 45) (1998).

5. The trial court's instruction on self-defense included the principle that no one is justified in committing an assault solely in revenge for past or previous wrongs. This charge was a correct statement of the law. *Ucak v. State*, 273 Ga. 536, 538 (4) (544 SE2d 133) (2001). Parker contends, however, that it was an expression of opinion by the trial court in violation of OCGA § 17-8-57.

That statute is violated only when the trial court's instruction, considered as a whole, "assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. [Cits.]" *Mullinax v. State*, supra at 445 (4). When the charge on self-defense given in this case is considered in context, no reasonable juror could have construed it as an expression of the trial court's own opinion that Parker was not justified in shooting the victim. The neutral and objective charge was adjusted to the evidence, and the trial court otherwise instructed that the jury alone would decide whether Parker was guilty of a crime or acted in self-defense.

6. Parker enumerates another instance in which the trial court sustained an objection by defense counsel, but did not give any curative instructions or grant a mistrial. However, the defendant did not request any such measures and, as previously noted, it is not erroneous to fail to grant relief that is not requested. *Lyon v. State*, 262 Ga. 247, 248 (3) (a) (416 SE2d 523) (1992).

*Judgments affirmed. All the Justices concur.*

HUNSTEIN, Justice, concurring.

I concur fully in the majority opinion and write only to point out that, contrary to the position taken in the other concurring opinion, nothing in Division 2 of *Jackson v. State*, 276 Ga. 408 (577 SE2d 570) (2003) supports or even intimates a proposition contrary to the well-established rule set forth in Division 4 of this opinion regarding induced error. The other concurrence is attempting to validate a position rejected by this Court in *Jackson* and endorsed solely by the concurrence's author in his dissent in *Jackson*, namely, that the error in that case (the return of a mutually exclusive verdict by the jury) was subject to an "induced error" analysis. Even assuming, arguendo, that the defendant in *Jackson* was solely responsible for the charge that misled the jury,[2] a void judgment is void, regardless of the behavior of the parties. Id. at fn. 2.

I am authorized to state that Justice Thompson and Justice Hines join in this concurrence.

CARLEY, Justice, concurring.

Division 4 of the Court's opinion correctly holds that Parker is barred from attacking on appeal a jury instruction that he requested. *Whatley v. State*, 270 Ga. 296, 300 (10) (d) (509 SE2d 45) (1998). However, this Court recently held that an accused was entitled to a new trial even though he requested the charge which induced the trial court to err. *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003). For the benefit of the bench and bar, I write separately so as to explain the seeming inconsistency between the holding in this case and that in *Jackson*. See *Terrell v. State*, 276 Ga. 34, 35 (572 SE2d 595) (2002) (Fletcher, C. J., writing majority opinion and separate concurrence).

A new trial is the appropriate remedy when the trial court commits reversible error. See OCGA § 5-5-20 et seq. Compare OCGA § 17-9-61 (motion in arrest of judgment must be based upon a non-amendable defect appearing on the face of the record). The error in *Jackson* was the jury's return of mutually exclusive verdicts of guilt. Because this Court granted the appellant therein a new trial, the

---

[2] The transcript in *Jackson* reveals that, contrary to the misleading language in the other concurrence, the charge given by the trial court was agreed upon by the prosecution as well as the defense. Although a senior district attorney initially objected to the charge (correctly recognizing that it created the potential for a mutually-exclusive verdict), her objection was implicitly abandoned when her superior, the deputy chief assistant district attorney, in discussion with the trial court and defense counsel, agreed with the defense that the charge should be given, disagreeing only on how any conflict in the verdict should be resolved upon sentencing.

verdicts must necessarily be attributable to reversible error on the part of the trial court. The only such error identified was that, "[a]fter discussing the matter with counsel, the trial court instructed the jury that it could return a guilty verdict on every count if it found the State had proven its case beyond a reasonable doubt as to each count. [Cit.]" *Jackson v. State*, supra at 410 (2), fn. 2. It was undisputed that such charge was given over the express objection of the State. The *Jackson* Court recognized that the charge had been induced by defense counsel, who "argu[ed] *erroneously*, that any conflict in the verdict could be corrected at sentencing." (Emphasis supplied.) *Jackson v. State*, supra at 410 (2), fn. 2. However, we held that "*[i]nduced error* cannot serve to render a void judgment valid." (Emphasis supplied.) *Jackson v. State*, supra at 410 (2), fn. 2.

Therefore, *Jackson* acknowledged that the erroneous verdicts were induced by a charge requested by the defense, but concluded that the case nevertheless fell within a limited exception to the general rule, set forth in *Whatley v. State*, supra at 300 (10) (d), that such error is not reversible. Under *Jackson*, when the accused requests an instruction that results in the jury's return of mutually exclusive verdicts, the error, even though induced, will mandate a reversal on appeal. Thus, *Jackson* clearly supports a proposition contrary to the holding in *Whatley v. State*, supra at 300 (10) (d), that an appellant cannot successfully rely on induced error on appeal. However, since this case does not involve mutually exclusive verdicts, it is controlled adversely to the appellant by the induced error principle set forth in *Whatley*, rather than by the narrow exception to that rule established in *Jackson*.

DECIDED MAY 19, 2003.

*Cynthia W. Harrison*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Maura F. Krause, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.