## A04A0553. MATHIS v. THE STATE.
(594 SE2d 737)

ELDRIDGE, Judge.

Robert Lewis Mathis, Jr. was charged with four counts of violation of the Georgia Controlled Substances Act. Following a jury trial, he was convicted of Counts 1, 2, and 4. Mathis appeals from the denial of his motion for new trial. He alleges that the evidence was insufficient to support the verdict and that his trial counsel was ineffective. Finding no error, we affirm.

Viewed in a light most favorable to the verdict,[1] the evidence shows that during the months of February through December 2001, Herman Sampson, a deputy with the Bibb County Sheriff's Department, was working as an undercover agent in Crawford County as part of the Middle Georgia Task Force. On July 27, 2001, Deputy Sampson went to the home of Eloise Gibson, who lived on the same street as Mathis, in an attempt to purchase $50 worth of crack cocaine. After finding out what Deputy Sampson wanted, Gibson made a phone call and asked for Robert. Gibson then directed Deputy Sampson to follow her to Hortman's store. Mathis came out of the store and spoke with Gibson. Deputy Sampson and Gibson went back to Gibson's house and waited in the yard. Minutes later, Mathis drove up and went into his house. Mathis came out of his house, and Deputy Sampson observed Gibson exchange the $50 he had given her earlier for a package that Mathis had in his hand. Gibson turned the package over to Deputy Sampson who testified that it was a piece of tissue containing crack cocaine.

Between July 26 and September 2001, Deputy Sampson contin-

---

ued to see Mathis around town. On September 7, 2001, at 6:45 p.m., Deputy Sampson went to the BP station where Mathis often went to play the 7:00 p.m. lottery game. Deputy Sampson testified that the purpose of his trip to the BP station was to try and purchase illegal drugs. Deputy Sampson parked in the BP station parking lot with his truck's hood open and stood as if working on his truck while waiting for Mathis to exit the building. When Mathis came out, he walked over to Deputy Sampson's truck and placed an item in a white tissue on the hood of Deputy Sampson's truck. Deputy Sampson pointed to $50 he had earlier placed under the hood of the truck. Mathis picked up the money, counted it, stated to Deputy Sampson that it was too much, and gave him $10 back. When Deputy Sampson opened the tissue it contained crack cocaine.[2]

Deputy Sampson further testified that on September 14, 2001, he drove to Mathis' residence. When Deputy Sampson blew the horn of his vehicle, Mathis exited his house. Deputy Sampson told Mathis he wanted to purchase $40 worth of cocaine. Mathis gave Deputy Sampson a tissue which contained crack cocaine in exchange for the $40. *Held*:

1. Mathis' contention that the evidence was insufficient to sustain the verdict is without merit.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)].

(Footnote omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Mathis argues that reversal is mandated because Deputy Sampson's written reports gave conflicting descriptions of Mathis, in that, in one report he estimated Mathis' weight to be between 225 and 250 pounds, while in a subsequent report he estimated Mathis' weight at 180 pounds. However,

> [c]onflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even

---

[2] On September 10, 2001, Deputy Sampson testified that he purchased $40 worth of crack cocaine from Mathis at Mathis' home. This transaction was the basis of Count 3 of the indictment to which the jury returned a not guilty verdict.

though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnote omitted.) *Phagan v. State*, supra.

Here, Deputy Sampson testified that he knew Mathis by sight and by the names of Robert and Go-Man prior to the first drug buy and that he was certain that Mathis was the individual from whom he purchased crack cocaine on each of the occasions set forth in the facts above. As such, the evidence was sufficient to authorize a rational trier of fact to find Mathis guilty beyond a reasonable doubt of the crimes for which he was convicted.

2. Mathis alleges that his trial counsel was ineffective in not showing that officers of the Crawford County Sheriff's Office prosecuted him because he refused to help them prosecute other people in the community. In regard thereto, Mathis argues that trial counsel erred: (1) in advising him not to testify; (2) in failing to call Investigator George Haliburton as a witness for the defense to testify that he told Mathis that he would falsely prosecute Mathis because he would not act as an informant; and (3) in failing to call Frank Hollis and Reginald Carter as witnesses for the defense to testify that Mathis told them that police officers were trying to unlawfully prosecute him for crimes that he did not commit because he refused to act as an informant.

To prove he has received ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. Thus counsel's performance will not be found to be deficient if it falls within the range of reasonably effective assistance. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel.

(Citation and footnote omitted.) *George v. State*, 257 Ga. App. 645, 646 (2) (572 SE2d 644) (2002). "A trial court's finding that a defendant has received effective assistance of counsel will be upheld on appeal unless clearly erroneous. [Cit.]" *Willingham v. State*, 241 Ga. App. 509 (2) (527 SE2d 232) (1999).

(a) No error occurred in trial counsel's failure to call defendant to testify. While a criminal defendant has a fundamental right to testify, "the decision whether to testify lies solely with the defendant

after full consultation with counsel. [Cit.]" *Rowe v. State*, 244 Ga. App. 654, 657 (3) (538 SE2d 452) (2000). In this case, the record shows that at the time of trial, the trial court conducted an inquiry outside the presence of the jury in which Mathis was advised of his right to testify. Mathis indicated that he had consulted with counsel; that he understood that he had a right to testify; that he had made the decision not to testify; and that his decision was freely and voluntarily made without threats or promises. At the motion for new trial hearing, trial counsel testified that he advised Mathis not to testify because he did not want Mathis to inadvertently place his character in issue, but left the final decision to Mathis. "Such advice is a classic example of trial strategy and tactics that do not fall outside the wide range of reasonable professional conduct. *Jenkins v. State*, 268 Ga. 468, 473 (10) (491 SE2d 54) (1997); *Etheridge v. State*, 228 Ga. App. 788, 790 (2) (492 SE2d 755) (1997)." *Williams v. State*, 239 Ga. App. 598, 600 (2) (521 SE2d 650) (1999). See also *Bridges v. State*, 205 Ga. App. 664, 666 (2) (423 SE2d 293) (1992).

(b) Failure to call Investigator Haliburton to testify for the defense will not support an ineffective assistance of counsel claim as this ground was not put forward or ruled on in the court below, and we will not consider it for the first time here. "All allegations of ineffective assistance of counsel should be raised at the earliest practicable moment, and any allegation not raised is deemed waived." (Citation and punctuation omitted.) *Render v. State*, 240 Ga. App. 762 (525 SE2d 134) (1999).

Even if not waived, at the motion for new trial hearing Investigator Haliburton testified and denied that Mathis was falsely prosecuted because he would not act as an informant. As such, Mathis has failed to carry his burden of showing either error or harm in trial counsel's failure to call Investigator Haliburton as a defense witness or to cross-examine him on such matters when he was called as a witness by the State.

(c) Further, trial counsel was not ineffective for his failure to call either Hollis or Carter to testify. At the motion for new trial hearing both witnesses testified that defendant came to see them individually and stated that he was innocent of the drug charges and that he was being prosecuted because he would not act as an informant. As such, the testimony of these witnesses went only to self-serving declarations made by Mathis.

> Self-serving declarations . . . are inadmissible hearsay unless the declarant testifies and is subject to cross-examination. *Whitehead v. State*, 255 Ga. 526, 528 (5) (340 SE2d 885) (1986). The defendant is allowed to declare his innocence in court; he is not allowed to avoid this opportu-

nity by pre-trial declarations of innocence. *Dickey v. State*, 240 Ga. 634, 641 (6) (242 SE2d 55) (1978)[, overruled on other grounds, *Duckworth v. State*, 268 Ga. 566 (492 SE2d 201) (1997)].

(Punctuation omitted.) *Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003). See also *Felder v. State*, 260 Ga. App. 27 (579 SE2d 28) (2003). Mathis did not testify at trial. Since the testimony of Hollis and Carter was inadmissible, the failure of trial counsel to call them to testify cannot serve as a basis for an ineffective assistance of counsel claim.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2004.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms, District Attorney*, for appellee.